UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURIE EATON,

       Plaintiff,

v.                                              Case No.  8:06-cv-2155-T-24 MAP

ST. PETERSBURG COLLEGE,

       Defendant.

_____/

**ORDER**

       This cause comes before the Court on Defendant's Motion to Dismiss Count I.  (Doc. No. 5).  Plaintiff opposes the motion.  (Doc. No. 9).

**I.  Background**

       Plaintiff alleges the following in her complaint (Doc. No. 2): Plaintiff was employed by Defendant St. Petersburg College as a Program Director.  (¶ 4).  On February 6, 2006, Plaintiff became aware of an incident that occurred on February 5, 2006 concerning a threat made by a male student toward a female employee that included the statement that the female employee would have so many scars when he was done with her that she would need plastic surgery.  (¶ 8). Because Plaintiff perceived a threat to the female employee, other students and employees, and the public at large, Plaintiff reported the incident to campus security.  (¶ 9).  Defendant stated that by reporting the threat, Plaintiff had over-reacted.  (¶ 11).  Thereafter, on March 9, 2006, Plaintiff was terminated from her employment with Defendant in retaliation for her reporting the incident to campus security.  (¶ 7).

       On October 17, 2006, Plaintiff filed suit in state court.  In her complaint, she asserts two

claims: (1) a violation of the Whistle-blower's Act, Florida Statute § 112.3187, and (2) a § 1983 claim. Defendant removed the case to this Court and filed the instant motion to dismiss the Whistle-blower's Act claim.

## II. Standard of Review

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). A complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." Id. at 47. All that is required is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## III. Motion to Dismiss

Defendant moves to dismiss Plaintiff's Whistle-blower's Act claim ("Whistle-blower claim"), arguing that it is untimely.[1] For the reasons stated below, the motion is granted.

---

[1] Curiously, Defendant does not move to dismiss the Whistle-blower claim for failure to state a claim, despite the fact that Plaintiff's claim is based on retaliation due to her reporting an alleged violation committed by a student, not an employee of Defendant. See Fla. Stat. § 112.3187(5)(stating that the person must be reporting a "violation or suspected violation of any federal, state, or local law, rule, or regulation committed by an *employee* or agent of an agency

One of the purposes of the Whistle-blower's Act is "to prevent agencies . . . from taking retaliatory action against an employee who reports to an appropriate agency violations of law on the part of a public employer . . . that create a substantial and specific danger to the public's health, safety, or welfare." Fla. Stat. § 112.3187(2). In order to bring a claim under the Whistle-blower's Act, a plaintiff must do so within the time-frame set forth in Florida Statute § 112.3187(8)(b), which provides:

> Within 60 days after the action prohibited by this section, any local public employee protected by this section may file a complaint with the appropriate local governmental authority, if that authority has established by ordinance an administrative procedure for handling such complaints or has contracted with the Division of Administrative Hearings under s.120.65 to conduct hearings under this section. . . . Within 180 days after entry of a final decision by the local governmental authority, the public employee who filed the complaint may bring a civil action in any court of competent jurisdiction. If the local governmental authority has not established an administrative procedure by ordinance or contract, a local public employee may, within 180 days after the action prohibited by this section, bring a civil action in a court of competent jurisdiction. For the purpose of this paragraph, the term "local governmental authority" includes any regional, county, or municipal entity, special district, community college district, or school district or any political subdivision of any of the foregoing.

Defendant contends that it is a local governmental authority that has not established an administrative procedure by ordinance or contract, and as such, Plaintiff was required to file her Whistle-blower claim by September 5, 2006 (which is 180 days after her termination on March 9, 2006). Since Plaintiff did not file her complaint until October 17, 2006, Defendant argues that her Whistle-blower claim must be dismissed as untimely. In response, Plaintiff asserts various arguments as to why her Whistle-blower claim should not be dismissed.

Plaintiff argues that Defendant did have an administrative procedure in place for Plaintiff

---

or independent contractor which creates and presents a substantial and specific danger to the public's health, safety, or welfare")(emphasis added).

to submit her Whistle-blower complaint. Specifically, Plaintiff attaches a document outlining a discrimination grievance procedure. (Doc. No. 9).

The Court rejects Plaintiff's argument that this is a grievance procedure contemplated by the Whistle-blower's Act. Plaintiff has not alleged that the discrimination grievance procedure is an administrative procedure for handling Whistle-blower complaints that was established by an ordinance. Furthermore, it does not appear that this grievance procedure would apply to Whistle-blower claims, since it is a *discrimination* grievance procedure, and it defines the term "discriminate" as acting "with partiality or prejudice either for or against a person or group based on race, color, religion, sex (including sexual harassment), national origin, age, marital status, or disability."

Furthermore, if the discrimination grievance procedure was a grievance procedure contemplated by the Whistle-blower's Act, then Plaintiff's Whistle-blower claim would be dismissed for failure to exhaust administrative remedies. This is because Plaintiff admits in her response to the motion to dismiss that she filed a grievance under the discrimination grievance procedure, but she states that a decision has not yet been rendered. The Whistle-blower's Act provides that the public employee may bring a civil action within 180 days after the entry of a final decision by the local governmental authority. Since no decision has been rendered, Plaintiff's Whistle-blower claim in the instant case would be premature if the discrimination grievance procedure was a grievance procedure contemplated by the Whistle-blower's Act.

Plaintiff also argues that if she was supposed to file her Whistle-blower claim within 180 days of her termination, her termination date should be considered the date that her employment contract ended, not the date that she received notice that her contract would not be renewed. The

Court rejects this argument, because the plain language of the statute provides that "a local public employee may, within 180 days after the action prohibited by this section, bring a civil action in a court of competent jurisdiction." The action prohibited is the termination of her employment or decision not to renew Plaintiff's contract, which occurred, as alleged in the complaint, on March 9, 2006. See Allocco v. City of Coral Gables, 221 F. Supp.2d 1317, 1367 (S.D. Fla. 2002)(citation omitted).

For the reasons stated above, the Court agrees that Plaintiff's Whistle-blower claim is time-barred. As such, the Court dismisses her claim.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Count I (Doc. No. 5) is **GRANTED**, and Plaintiff's Whistle-blower claim is dismissed.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of February, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record