UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURIE EATON,

    Plaintiff,

    v.                                            CASE NO. 8:06-CV-2155-T-24MAP

ST. PETERSBURG COLLEGE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The Plaintiff, Laurie Eaton, is requesting leave to file an amended complaint and add three additional defendants to her retaliation claim. Defendant, St. Petersburg College ("SPC"), opposes the motion as untimely and without good cause. As the Plaintiff has failed to show good cause for leave to amend, I recommend the district judge deny the Plaintiff's motion.[1]

    *A. Background*

Plaintiff was employed by Defendant SPC as a Program Director (Head Librarian) for the library at SPC's Tarpon Springs campus pursuant to an annual contract. The contract provided that Plaintiff did not have a right to continued employment beyond the expiration of the contract period on July 1, 2006. On February 6, 2006, Plaintiff became aware of a threat made by a male student/employee toward a female student/employee and reported the incident to campus security. Thereafter, on March 9, 2006, SPC notified the Plaintiff that her contract would not be renewed for the 2006/2007 academic year. Plaintiff alleges that the Defendant's decision not to

---

[1] The district judge referred this motion to me for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 6.01.

renew her contract was a direct result of her reporting the threat to campus security and amounts to retaliation in violation of her First Amendment rights.

  *B. Discussion*

  After a responsive pleading is served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *See* FED. R. CIV. P. 15(a).  The Supreme Court has held that the words "leave shall be freely given" must be heeded.  *Foman v. Davis,* 371 U.S. 178, 182 (1962).  As such, a Court's refusal to grant the leave without any justifying reason appearing for the denial is an abuse of discretion.  *Id.*  However, a court need not "allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).  "[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998).  Because the Plaintiff's motion to amend was filed after the scheduling order deadline, she must first demonstrate good cause under Rule 16(b) before the Court can consider whether the amendment is proper under Rule 15(a).  *Id.* at 1419.

  This case was removed from state court on November 20, 2006 (doc. 1), and the parties agreed in their Case Management Report that the final date for filing motions to join parties would be April 1, 2007 (doc. 11). In the Court's February 28, 2007, Case Management and Scheduling Order, the Court set the discovery deadline at October 1, 2007, the dispositive

motion cutoff for November 1, 2007, and stated that motions to amend any pleading after entry of the Case Management and Scheduling Order were distinctly disfavored (doc. 12). *See also* Local Rules 3.05(c)(2)(E) (stating that a motion to amend any pleading … is distinctively disfavored after entry of the Case Management and Scheduling Order). In contravention of the parties' agreement and the Court's order, Plaintiff now seeks to amend her complaint to include claims against the following persons in their individual capacities: Susan Anderson, her immediate supervisor; Associate Provost Maria Edwards; Dr. Carol Copenhaver, Vice President of Students and Educational Services; and Dr. Carl Kutler, President of SPC.(doc. 13).

In her motion, the Plaintiff alleges that the late addition of defendants is justified because she was not "fully informed" with respect to the activities of the proposed defendants until initial depositions were taken (doc. 13). Given the allegations contained in her complaint, the Plaintiff's purported justification does not rise to the level of good cause. Specifically, the complaint alleges that the Plaintiff was terminated from her employment with SPC by Dr. Carol Copenhaver in retaliation for reporting a threat to campus security (doc. 2, ¶ 7). The complaint also alleges that representatives of SPC, believing the Plaintiff "over-reacted" to the situation, brought her abilities and decision-making into question. As the Plaintiff already knew of the proposed defendants' actions at the time of filing her complaint, the fact she recently became "fully informed" of those activities does not justify amending the complaint at this later time. Namely, the "activities" she learned about from the depositions are the same activities she alleged in her complaint (*See* docs. 17-2, 17-3). If anything, the depositions reveal that the decision not to renew her contract went through various levels of approval and was based on several incidents separate from her reporting of the threat (doc. 17-2,p. 43-51, doc. 17-3, p. 62-

67).  As such, the Plaintiff has failed to show good cause for allowing her to amend her complaint and add additional defendants.  *See Smith v. School Bd. of Orange County*, __ F.3d __, 2007 WL 1583873 (11th Cir. 2007) (affirming the district court's refusal to amend the complaint after the deadline set in the case-management order passed because good cause was not shown).  Assuming arguendo that the Plaintiff could show good cause, permitting the leave to amend would be futile.[2]

*C. Conclusion*

For the reasons stated, it is hereby

RECOMMENDED:

1.  Plaintiff's Motion to Join Additional Defendants (doc. 13) be DENIED.

IT IS SO REPORTED at Tampa, Florida on June 19, 2007.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**
Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report.

---

[2] In order to overcome qualified immunity, the Plaintiff would have to prove the proposed defendants' alleged conduct "in this particular factual context violated clearly established law."  *Stanley v. City of Dalton*, 219 F.3d 1280, 1294 (11th Cir. 2000).  In order to set forth a claim a claim of First Amendment retaliation, the Plaintiff would be required to show, *inter alia*, that she was speaking as a citizen on a matter of public concern.  *See Connick v. Myers*, 461 U.S. 138 (1983); *Pickering v. Board of Education*, 391 U.S. 563 (1968).   In this case, it is clear that the Plaintiff was speaking in her role as head librarian about an alleged threat made by an employee/student.  Nowhere does she allege that she voiced the concern to anyone outside the school or in any other context than in her capacity as an employee of SPC (doc. 17-3, p. 63-75).

It shall also bar the party from attacking on appeal the factual findings in the report accepted or adopted by the district court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (*en banc*).

cc:     Hon. Susan C. Bucklew
        Counsel of Record